CRUM v. CRUM ET AL.

1. **Fraud:** CONVEYANCE: ACTION TO SET ASIDE. Evidence considered and held insufficient to authorize the setting aside of a conveyance on the ground of fraud.

*Appeal from Shelby Circuit Court.*

MONDAY, DECEMBER 13.

THE plaintiff is the wife of the defendant George E. Crum, who was the owner of a farm of 120 acres, incumbered to the extent of about $1,600. On the 27th of May, 1878, the

said parties executed and delivered to the defendant L. V. Crum a warranty deed for said land. Afterward the said L. V. Crum conveyed said premises by deed to the defendant Frank Crum.

The object of this action is to set aside both of said conveyances as to the plaintiff, upon the alleged ground that they were without consideration and procured with the fraudulent intent on the part of the defendants to deprive the plaintiff of her rights in said land.

Issue was taken on the allegations of the petition, and upon a trial the petition was dismissed, and plaintiff appeals.

*Sapp, Lyman & Ament*, for appellant.

*Truman & Smith* and *R. P. Foss*, for appellee.

ROTHROCK, J.—I. It is unnecessary to enter upon a discussion of the evidence. The plaintiff avers that she was induced to execute the deed by reason of certain false and fraudulent representations of the defendant George E. Crum, and the other defendants. The burden of proof was upon her to establish the fraudulent acts charged. If the question were one between herself and her husband alone, we might seriously doubt the fairness of the transaction. We might even go further, and hold that as between her and L. V. Crum the deed should be set aside as being without consideration. But whatever may have been the nature of the previous transactions, Frank Crum shows that he purchased and took the title without notice of, and without any participation in, the fraud, and paid $2,000 for the land, besides assuming the payment of the incumbrances thereon. His evidence as to the payment of the consideration stands undisputed, and there is no evidence that he had knowledge of any fraud practiced upon the plaintiff.

II. A motion to strike appellee's additional abstract was filed with the submission of the cause, upon the ground that it was unnecessary. The motion will be overruled. It is

not entirely repetition, and does not unnecessarily incumber the record, being only some nine pages.

AFFIRMED.